ISAAC S. ANDREWS, Appellee, v. THE CHICAGO, ROCK IS-
LAND & PACIFIC RAILWAY COMPANY, Appellant.

**New trial:** DISCRETION.  The appellate court is reluctant to interfere
with the discretion of the trial court in granting a new trial.
In this case the court's order granting plaintiff a new trial after
judgment for the defendant, because of the inadvertent use of
the word "plaintiff" in lieu of the word "defendant" in one of
its instructions relating to the proximate cause of the damage
claimed, and because there was little or no evidence to support
a portion of the instruction, is upheld; even though a contrary
conclusion would have been sustained.

*Appeal from Cass District Court.*—HON. A. B. THORNELL,
Judge.

MONDAY, APRIL 10, 1911.

ACTION for damages to crops resulting from a flood.
The claim of the plaintiff was that the flood was caused
by the diversion of water by the act of the defendant com-
pany.   Such alleged act consisted in cutting the banks of
one ditch, and thereby diverting the water from one cul-
vert to another.   There was a trial to a jury and a ver-
dict for the defendant.   Upon motion of the plaintiff, a
new trial was granted, and the defendant appeals.   *Af-
firmed.*

*Carroll Wright, J. L. Parrish* and *J. B. Rockafellow,*
for appellant.

*H. F. Andrews* and *E. E. Willard,* for appellee.

EVANS, J.—Appellant urges that the new trial should

not have been granted, because no proper ground therefor was shown. It is urged that the evidence supported the verdict and that the record was free from error.

The principal grounds urged in support of the ruling of the trial court are that the verdict was against the weight of the evidence and that the trial court erred in instruction No. 9. We have repeatedly announced our reluctance to interfere with the discretion vested in the trial court in the granting of a new trial. The trial court did not announce the ground upon which the new trial was granted. The grounds upon which such order may be supported are not very prominent in this record. As to the weight of the evidence, we could readily have supported a ruling of the court sustaining the verdict in this respect. The burden was upon the plaintiff, and the evidence in his behalf is not so persuasive as to fairly impeach the verdict upon that ground alone.

We find, however, that in instruction No. 9 the trial court inadvertently used the word "plaintiff" in lieu of the word "defendant." The effect of the instruction in this form was to assume that the *plaintiff* had cut a certain bank, whereas the claim of the plaintiff was that the *defendant* had cut such bank. That the use of the word "plaintiff" in such a connection was a mere oversight would be manifest to a person of professional experience. Whether it might not have been to some extent misleading to a jury is not so clear. The instruction under consideration dealt with the question of proximate cause. The jury could not have got a proper understanding of such question from such instruction as written. It could do so only by discovering the error and recognizing it as an inadvertence.

We are not free from doubt, also, but that the instruction contained another slight error, in permitting the jury to find that the flood may have been caused by an overflow of the "west bank of said ditch *south* of the de-

fendant's railroad." There was no evidence in the case to serve as a basis for this suggestion. We are impressed that the suggestion was within the range of fair argument on the part of the defendant, but whether the court was justified in incorporating it in its instruction is not so clear. It is sufficient to say that the form of this instruction, including the erroneous use of the word "plaintiff," furnished a sufficient basis for the exercise of the court's discretion· in the granting of a new trial; and this is so, even though we could have sustained the trial court in a contrary conclusion.

The order granting a new trial will therefore be *affirmed*.